STANDARD PAPER COMPANY, Respondent, v. SCOTT, Appellant.

(170 N. W. 136).

(File No. 4355.   Opinion filed December 31, 1918.   Rehearing denied March 12, 1919.)

**Sales—Printing Paper, Recovery for—Defense, Inferior Quality—Loss of Printing Contract, Failure to Allege Damage, Effect, Evidence, Admissibility.**

In a suit to recover price of printing paper sold defendant, in which the defense of inferior grade, quality and value of the paper was interposed, and that defendant, by reason of its being inferior quality, lost a certain contract between defendant and a publishing house for furnishing paper of a specified kind and quality for a certain publication, and that plaintiff knew that the paper purchased was to be used in filling said printing contract, but there being no allegation of damages resulting from loss of said contract, and that defendant was obliged to bring suit against the publishing company in order to recover for work he did for it, in which latter suit the publishing company counterclaimed for damages for inferior quality of paper; there being no allegation that the publishing house recovered on the counterclaim nor that plaintiff in said suit did not recover full amount claimed; **held,** that the complaint failed to properly allege damages as ground for introduction of evidence; that an allegation that if paper had been as represented by plaintiff it would have been worth the price agreed upon "but by reason of the facts aforesaid was only worth and of the value of * * *;" did not make the damage, if any, caused by loss of the printing contract, an issuable fact; and trial court properly excluded evidence thereof.

Gates, J., not sitting.

Action by Standard Paper Company, a corporation, against Mark D. Scott, to recover for value of printing paper sold by plaintiff to defendant. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Parliman & Parliman,* for Appellant.

*Davis, Lyon & Bradford,* and *A. K. Stebbins,* for Respondent.

POLLEY, J.    Plaintiff brought this action to recover a balance alleged to be due it from defendant on a consignment of print paper, sold and delivered to defendant by plaintiff. Defendant admits that he received the paper in question, but alleges in his answer that said paper was shipped to him by plaintiff pursuant to an express contract which specified the grade and quality thereof. He further alleges, and the evidence tends to prove, that the paper shipped by plaintiff was not of the grade or quality specified by the terms of the said contract, and that the paper so shipped by plaintiff was worth less, by a considerable amount, than the paper specified by the contract, and that he had been damaged thereby. Defendant further alleges that, at the time he entered into the contract to purchase the said paper, he had a contract with a certain publishing concern in Sioux Falls to furnish the print paper

and print a certain farm journal; that the paper contracted for with the plaintiff was to be used in the printing of the said farm journal, and was to be of the grade and quality required by the contract for such printing; that plaintiff knew that the paper contracted for by the defendant was to be used for the printing of said farm journal, and knew that the said printing contract called for the grade and quality of paper specified in the contract with plaintiff. Defendant further alleged that, because of the inferiority of the paper shipped by plaintiff, the defendant lost his contract to print the said farm journal; but defendant did not allege that he had suffered any damage on that account. At the trial defendant attempted to prove that he had suffered damages because of the loss of the contract to print the said farm journal. The trial court refused to admit evidence proving such damages, and instructed the jury that the measure of defendant's damage because of plaintiff's failure to ship paper of the grade and quality specified in the contract was the difference between what the paper would have been worth, had it conformed to the terms of the contract, and what the paper actually shipped was worth. The jury allowed defendant $400 under this instruction, and, defendant being dissatisfied with the award and with the measure of damages adopted by the court, brings the case here on appeal.

The only assignment that need be considered is one based upon the refusal of the trial court to permit the appellant to show the damage he had suffered because of the loss of his contract to print the said farm journal; but he does not allege in his answer or his counterclaim for damages that he sustained any damage on that account. He alleges that he was compelled to pay freight that should have been paid by plaintiff, and that he was compelled to pay overcharges on the paper. He also alleges that he was obliged to bring suit against the said publishing company in order to recover for the work he did for that company, and that, in defense of said action, said publishing company set up a counterclaim for damages because of the inferior quality of the paper used by appellant. He does not allege said company recovered on said counterclaim, nor that defendant did not recover the full amount claimed by him. The paragraph of appellant's answer in which he alleges damages reads as follows:

"If this paper had been as represented by plaintiff, it would

have been worth the price agreed upon and as set forth in paragraph 2 of the first counterclaim in this answer contained, but by reason of the facts aforesaid was only worth and of the value of $800. All of the foregoing facts were well known to the plaintiff; all to defendant's damage in the sum of $1,000."

This does not make the damage, if any, caused by the loss of the printing contract, an issue in the case, and the trial court was right in excluding evidence thereof. This disposes of the case on the merits, and it is unnecessary to consider the question of practice raised by the respondent.

The judgment and order appealed from are affirmed.

GATES, J., not sitting.